UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PHILIP FLUEGGE,**

        Plaintiff,        CASE NUMBER: 12-15500
                                    HONORABLE VICTORIA A. ROBERTS

v.

**NATIONSTAR MORTGAGE, LLC,**

        Defendant.
_____/

## ORDER

**I.    INTRODUCTION**

Nationstar Mortgage, LLC's ("Nationstar") foreclosed by advertisement on Philip Fluegge's home after a series of billing issues which ultimately led to Fluegge's default. Immediately after entering into a loan modification agreement with Fluegge (the "Loan Modification Agreement"), Nationstar thrice raised Fluegge's monthly payment and failed to credit his account for payments he made. Fluegge disputed the billing inaccuracies with Nationstar, but the errors continued. Only then did Fluegge stop making payments.

Fluegge says that because Nationstar materially breached the contract, he was not required to continue to make payments which were not being applied to his account. He asks the Court to halt his eviction, declare the sale void and/or award him monetary damages.

Fluegge filed a twenty-two count Complaint against Nationstar. The parties

stipulated to dismiss: Count IX (Unjust Enrichment), Count XV (Violation of Michigan Foreclosure Law), Count XVI (Violation of M.C.L. § 445.901 et seq.), Count XVIII (Negligence), Count XIX (Negligence Per Se), Count XX (Defamation by Libel), and Count XXI (Negligence – Malicious Statutory Libel).

Nationstar now moves to dismiss the remaining counts for failure to state a claim.

Fluegge concedes that Counts: Two, Seven, Ten, Eleven, and Twelve fail to state a claim; these Counts are **DISMISSED**. And, he requests leave to amend his Complaint to state fraud. He says all other counts are adequately pled; alternatively, he requests leave to amend them.

Additionally, the Court **DISMISSES** Counts One, Five, Fourteen, and Twenty-Three.

Nationstar's motion to dismiss Counts Three, Four, Six, Eight, Thirteen, and Seventeen is **DENIED**. Fluegge may amend these Counts and state new fraud claims within thirty days from the entry of this Order.

**II.     BACKGROUND**

On February 23, 2005, Fluegge obtained a mortgage loan from Flagstar. Fluegee signed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar. On March 6, 2010, MERS assigned the mortgage to Nationstar.

In 2010, Fluegge fell behind on his monthly mortgage payments. To cure the default, he alleges he applied and was approved for a permanent loan modification. His

monthly payment under the terms of the Loan Modification Agreement was $1,820.27, starting June 1, 2010.

Fluegge alleges that -- after entering into the Loan Modification Agreement -- Nationstar increased his payments three times through monthly payment statements:

1. First payment statement:

   i. Monthly payment: $1,888.58; and

   ii. Past due balance of $ 20,815.51;

2. Second payment statement:

   i. Monthly payment: $1,925.72;

   ii. Past due balance of $2,505.13; and

   iii. He was required to pay $4,443.00 to bring the loan current; and

3. Third payment statement:

   i. Monthly payment was $1,993.41;

   ii. Past due balance of $4,375.31;

   iii. He was required to pay $6,368.72 to bring the loan current.

Fluegge alleges that in addition to receiving these statements, "[o]n or about May 29, 2010, three days prior to the first payment being due on the permanent loan modification, Plaintiff received a call from "Sharon Kim" demanding $2,270.87 by 2 p.m. that day; Sharon told Plaintiff that his modification would not be processed unless he wired this money." Fluegge wired the money at 1:26 p.m.

On June 21, 2010, Fluegge alleges he spoke with "Josh" at Nationstar who informed him that Nationstar did not have a record of his $2,270.87 wire payment and that the loan was overdue for the June 1, 2010, payment. Fluegge alleges that the

second statement, however, showed that the $2,270.87 payment was applied to pre-modification interest and not the first payment.

Fluegge alleges that when he received his fourth statement, it did not reflect proper application of his monthly payments. That is when he decided to stop making payments.

Nationstar began foreclosure proceedings. The property was sold on March 11, 2012.

On August 26, 2011 -- prior to the sale -- Fluegge filed an action in Macomb County Circuit Court to stop the sale. It was dismissed without prejudice.

On October 18, 2012, Fluegge sent a qualified written request ("QWR") to Nationstar, but received no response. The request allegedly informs Nationstar that Fluegge believes its foreclosure was in error and states why.

On December 17, 2012, Fluegge filed this action. His right to redeem the property expired on September 11, 2012. Among other things, Fluegge asks the Court to award him monetary damages, set aside, enjoin and declare the foreclosure action void *ab initio* or voidable, and award him attorney fees.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) dismissal is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). The court treats all well-pleaded allegations in the complaint as true. *Id.*

However, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must include in the complaint enough facts which allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2010).

### III. ANALYSIS

#### A. Violation of RESPA (Count One)

Count One alleges that Nationstar violated RESPA by failing to: (1) make appropriate corrections to Fluegge's account; (2) provide a written explanation of why Nationstar believed Fluegge's account was in default; (3) provide a timely and adequate explanation for the fees on Fluegge's account after he submitted a QWR; and (4) report Fluegge's QWR to a consumer reporting agency.

Nationstar says that because it was not servicing Fluegge's loan at the time the request was sent, it is not liable for failing to respond to Fluegge's request. Alternatively, Nationstar argues that Fluegge does not properly allege that his request qualifies as a valid QWR. And, Fluegge did not properly plead damages.

Under RESPA, "[t]he term 'servicer' means the person responsible for servicing of a loan[.]" 12 U.S.C. § 2605(i). "'[S]ervicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id;* see also *Moore v. Federal Deposit Ins. Corp.*, No. 08-c-596, 2009 U.S. Dist. LEXIS

110979(N.D. Ill. November 30, 2009)(finding that defendant was no longer servicing the loans post default and foreclosure when a plaintiff sent a QWR; thus, there could be no RESPA violation for failing to reply to the QWR).

The Court need not reach Nationstar's alternative arguments; when Fluegge filed this action, Nationstar was not servicing his loan because it was not receiving any "scheduled periodic payments" on October 18, 2012, the date Fluegge sent his request. Fluegge stopped paying his loan in September, 2010.  More than two years had passed since Fluegge's default, so his correspondence does not fall under RESPA.

Count One is dismissed.

### B.     Wrongful Foreclosure

#### 1.     Breach of Contract (Count Two)

In response to Nationstar's motion to dismiss, Fluegee says "Plaintiff concedes that no independent cause of action arises for breach of an implied duty under Michigan law, and seeks leave to amend the count to encompass a breach of contract arising out of Nationstar's failure to honor the permanent loan modification."  Resp. Br. for Fluegge, Doc. 18 at 10.

The proposed Count Two is duplicative of Count Thirteen (Breach of Contract); no amendment to Count Two will be allowed.

Count Two is dismissed.

#### 2.     Violation of Michigan Foreclosure Law (Counts Three, Four, Five, Six, Eight, Thirteen, and Fourteen)

In Counts Three (Defamation of Title), Four (Discharge of Lien and Claim to Quiet Title), Five (Violation of Michigan Foreclosure Law, MCL § 600.3205a), Six

(Request for Equitable, Declaratory & Injunctive Relief), Eight (Quiet Title), Thirteen (Breach of Contract/Wrongful Foreclosure) and Fourteen (Violation of Michigan Foreclosure Law), Fluegge seeks to set aside the sale citing several violations of Michigan's foreclosure laws and irregularities in the foreclosure proceedings.

The gist of Nationstar's argument is that because Fluegge's right to redeem the property expired, to set aside the sale, Fluegge must -- but cannot -- establish an irregularity in the foreclosure proceeding and prejudice:

> The underlying allegations and claims for relief pertaining to Counts III-VI, VIII, XIII, and XIV of the Complaint derive from Plaintiff's allegations that the foreclosure proceedings were invalid and should be set aside; however, Plaintiff has not stated a viable claim to set aside the sale and the sheriff's deed is valid and lawful.

Br. for Nationstar, Doc. 16 at 7.

It is true that a foreclosure post redemption period expiration may only be set aside if a plaintiff establishes irregularities in the foreclosure proceedings and that he was prejudiced by these irregularities. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98; 825 N.W.2d 329 (Mich. 2012). The Court considers whether Fluegge meets these criteria.

### i.     Counts Five and Fourteen

Counts Five and Fourteen allege that Nationstar violated Michigan's foreclosure laws by failing to: (1) provide him with proper notice, (2) properly advertise the sale, (3) file a notice of adjournment, (4) notify him of the notice of adjournment, (5) notify him of foreclosure proceedings, and (6) modify his loan.

Many courts have held that these irregularities do not warrant setting aside a sale. *Block v. BAC Home Loans Servicing LP*, No. 11-11181, 2012 U.S. Dist. LEXIS

78566 ( E.D. Mich., June 6, 2012); *Acheampong v. Bank of N.Y. Mellon*, No. 12-13223, 2013 U.S. Dist. LEXIS 6415 ( E.D. Mich. Jan. 16, 2013).

Counts Five and Fourteen are dismissed.

### ii.     Count Thirteen

Here, Fluegge pleads an irregularity that may warrant setting aside the sale. "The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 497 (Mich. Ct. App. 2007) (quoting *U.S. v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997)(citing Michigan Supreme Court)).

Fluegge says Nationstar failed to honor the Loan Modification Agreement. Fluegge says that under the Loan Modification Agreement, he was to make payments which Nationstar was to apply to his account.  He says that Nationstar failed to properly apply the payments which puts it in breach.  Fluegge says because Nationstar breached, he was not required to perform, i.e., continue to make payments that were not being credited to his account.  And, he says that because Nationstar first breached the Agreement, it did not have the right to foreclose.

Nationstar does not dispute these allegations; rather, it says this provision in the original mortgage required Fluegge to continue to send payments even if it failed to apply them to his account: "No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument."  Reply Br. for Nationstar, Doc. 19 at 3.

But – viewing the allegations in the light most favorable to Fluegge – the original mortgage is not the controlling document - the Loan Modification Agreement is. The Loan Modification Agreement is not a document currently before the Court. Without that document, the Court cannot determine whether the clause is applicable.

Even if the clause were applicable, the Court cannot now determine whether the clause would bar this action. Nationstar seeks to enforce a clause in a contract which the Court must accept Nationstar breached. And, neither party has had the opportunity to argue the meaning or enforceability of this provision. This clause does not negate the sufficiency of Fluegge's irregularity allegation.

But, Fluegge must also sufficiently plead prejudice for this claim to survive.

Fluegge's Complaint alleges that he stopped paying Nationstar because Nationstar increased his payment amount three times and failed to apply payments to his account. He says it is evident that he suffered damages.

Damages and prejudice are not synonymous. The Michigan Supreme Court holds that "[t]o demonstrate such prejudice, [a plaintiff] must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Kim,* 493 Mich. at 116.

Fluegge's Complaint is void of any allegation of prejudice; he requests leave to properly plead prejudice.

Nationstar says that even if Fluegge properly pled a claim to set aside the sale, he cannot recover due to laches and unclean hands.

Nothing in the pleadings shows that either laches or unclean hands bars this action. Laches is an equitable doctrine utilized to "remedy the general inconvenience

9

resulting from delay in the assertion of a legal right which it is practicable to assert." *Wayne County v. Wayne County Retirement Comm'n*, 267 Mich. App. 230, 252; 702 n.w.2D 117 (2005)(internal quotations omitted). Unclean hands is an equitable doctrine which says that "[t]hose who seek equity must first do equity." *Lemke v. H&R Block Mortgage Corp.*, No. 11-14979, 2012 (E.D. Mich. March 6, 2012). Thus, to set aside the sale, Fluegge must be willing to reaffirm the mortgage.

Fluegge has continuously asserted that the sale of his home was invalid. Prior to both the sale and the redemption expiration, he filed an action in Macomb County Circuit Court to stop the sale which was dismissed without prejudice.

Further, on October 18, 2012, Fluegge alleges that he sent a qualified written request ("QWR") to Nationstar, but received no response. The request allegedly informs Nationstar that its foreclosure was in error and states why.

For these reasons, the Court finds there are reasons to allow Fluegge leave to amend Count Thirteen to plead prejudice.

### iii. Counts Three, Four, Six, and Eight

Nationstar does not directly attack the sufficiency of these Counts; rather, it says that these Counts should be dismissed because Fluegge has no standing to set aside the sale.

The Court has already decided that Fluegge adequately pled an irregularity in Count Thirteen; leave is warranted to adequately plead prejudice. There is a basis for recovery with respect to these Counts; Counts Three, Four, Six and Eight remain.

**C.     Fraud (Counts Seven, Ten, Eleven and Twelve)**

Fluegge agrees to dismiss Counts Seven (Fraud/Misrepresentation), Ten (Innocent/Negligent Misrepresentation), Eleven (Fraud, Based Upon Silent Fraud and Bad Faith Promises), and Twelve (Fraud, Based Upon Silent Fraud Bad Faith Promises), but requests leave to amend his Complaint to state alternative fraud claims based upon allegations in paragraphs 36 and 37 in the Complaint:

> 36. On or about May 29, 2010, three days prior to the first payment being due on the loan modification, Plaintiff received a call from "Sharon Kim" demanding $2,270.87 by 2 p.m. that day; Sharon told him Plaintiff [sic] that his modification would not be processed unless he wired this money.
>
> 37. Since Plaintiff did not have the loan modification documents in front of him at that [sic] time of Sharon Kim's demand and could not be sure that this payment was not part of the loan modification agreement nor a requirement for the agreement, he immediately went to Western Union and at 1:26 p.m., he wired the $2,270.87 to NATIONSTAR MORTGAGE, LLC.

Complaint, Doc. 1 at 5-6, ¶s 36-37.

Nationstar says that these allegations are insufficient because the statements: (1) do not relate to statements of a past or existing fact, *Baumgartner v. Wells Fargo Bank, N.A.*, No. 11-cv-14065, 2012 U.S. Dist. LEXIS 83254, at *8 (E.D. Mich. June 15, 2012) (actionable fraud must be based on "a statement relating to a past or existing fact"), and (2) are not pled with particularity as required under Rule 9 of the Federal Rules of Civil Procedure.

Fluegge concedes as much:

> Plaintiff concedes that his claims for silent fraud and misrepresentation, as set forth in his complaint, do not encompass the misrepresentation claim on which he wishes to go forward. However, Plaintiff does believe that the allegations in 36 and 37, if clarified, give rise to a meritorious claim for fraud: Plaintiff signed a contract with specific terms for the repayment of his loan. In spite of this, he received a phone call, essentially shaking him down for over $2,200.00 under the threat of losing his loan modification. This extra payment was not part of the agreement and was not required under the

11

> terms of the permanent modification. This set of facts would give rise to a fraud claim if properly pled.

Resp. Br. for Fluegge, Doc. 18 at 12.

Further, the basis of Fluegge's *proposed* fraud allegation does relate to a past fact. Fluegge alleges that he was told by the Nationstar representative that he *owed* Nationstar $ 2,270.87 to proceed with the loan modification.

Nationstar implies that an amendment would be futile because: (1) oral promises cannot modify a written agreement, i.e. this claim is barred by the statute of frauds; and (2) Fluegge cannot show that he reasonably relied on Nationstar's statement. The latter of the two arguments has the most merit, but both are unavailing.

The parol evidence rule is not implicated. *See generally, Radar Safety Techs. Llc v. Pinnacle Holdings Llc*, 2012 Mich. App. LEXIS 76 (Mich. Ct. App. Jan. 17, 2012) (citing *Marx v. King*, 162 Mich 258, 263-264; 127 NW 341 (1910)("The parol evidence rule only precludes the admission of understandings between the parties that were not included in the contract if those understandings occurred prior or contemporaneously to the contract, not anything that occurred thereafter").

And, not all fraud claims require a plaintiff to plead reasonable reliance. To plead a claim of silent fraud, also known as fraudulent concealment, a plaintiff need only allege that a defendant had a duty, but failed, to disclose a material fact. *Lorenzo v. Noel*, 522 N.W.2d 724, 725 (Mich. Ct. App. 1994).

The Court will give Fluegge an opportunity to refine his fraud claim; he may include an allegation of reasonable reliance, since he suggests he believed he had to pay $2,270.87 just to proceed with his loan modification.

To properly plead fraudulent misrepresentation Fluegge must allege:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

*Belle Isle Grill Corp*, 256 Mich. App. 463, 477; 666 N.W.2d 271 (2003). The Michigan Court of Appeals explains that a plaintiff's reliance on an assertion must be reasonable. *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54(Mich. Ct. App. 1999).

To establish "[a] claim for negligent misrepresentation [a] plaintiff [must] . . . prove that [he] justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Alfieri v. Bertorelli*, 813 N.W.2d, 775 (Mich. Ct. App. 2012)(quoting *Unibar Maint. Servs., Inc. v. Saigh*, 769 N.W.2d 911 (Mich. Ct. App. 2009)). "Justifiably relied" is synonymous with "reasonable reliance." *MacDonald v. Thomas M. Cooley Law Sch.*, Nos. 12-2066/2130, -- F.2d -- (6th Cir. 2013)(saying plaintiffs failed to "fulfill tort's requirement of justifiable, *Alfieri*, 813 N.W.2d at 775, or reasonable reliance . . . .).

Nationstar says since Fluegge paid the money without first verifying whether he was required to according to the Loan Modification Agreement, his reliance is unreasonable.

But, there is no showing that Nationstar's statement contradicts the Loan Modification Agreement. Fluegge says that Nationstar called and told him that he had to pay $2,270.87 by 2 p.m. that day to proceed with his Loan Modification. Fluegge

13

says he later learned that the statement was false. But, he says he paid the amount because he did not want to risk losing the opportunity to modify his loan; he viewed it as an opportunity cost, not necessarily payments due under the Loan Modification Agreement.

Counts Seven, Ten, Eleven, and Twelve are dismissed; but, Fluegge may file an Amended Complaint to state additional fraud claims.

### D.    FCRA and FDCPA Claims (Counts Seventeen and Twenty-Three)

#### 1.  FCRA (Count Seventeen)

Fluegge alleges that Nationstar "was required under 15 U.S.C. 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts . . . ." Complaint, Doc 1 at 26, ¶ 181.

Nationstar says that this claim fails because Fluegge did not specifically allege the name of the credit agency. Nationstar is wrong.

> Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished. See 15 U.S.C. § 1681s-2. If it is assumed that a private right of action exists under § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed.

*Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 853-854 (6th Cir. 2004)(citations omitted).

Fluegee was not required to specifically allege which credit reporting agency Nationstar contacted; simply stating that it contacted an agency suffices. *See id.* ("In

this case, the Downses did not allege that they had filed a dispute with a credit reporting agency. Accordingly, they had no claim under the FCRA.").

The Court denies Nationstar's request to dismiss Count Seventeen.

### 2. FDCPA (Count Twenty-Three)

Count Twenty-Three alleges Nationstar violated the FDCPA. This claim is dismissed because Nationstar is not a debt collector as defined under the FDCPA.

The FDCPA excludes from the definition of "debt collector" any "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F).

At the time Nationstar obtained the debt, Fluegge was not in default. *See McLaughlin v. Chase Home Fin. LLC*, 2013 U.S. App. LEXIS 5267, 10-11 (6th Cir. 2013); Downs, 88 Fed. Appx. at 853 (MF was a creditor, not a debt collector, because the Downses were not in default when VMF acquired the note); *c.f. Mellentine v. Ameriquest Mortg. Co.*, No. 11-2467, 2013 U.S. App. LEXIS 3353 (6th Cir. 2013) (a law firm hired by a debtor's creditor to collect a debt, is a debt collector).

### E. Leave to Amend

Fluegge requests leave to amend his complaint**.**

Rule 15(a)(2) of the Federal Rules of Civil Procedure says that a court may freely grant leave to amend a pleading "when justice so requires," in order to ensure that a case is tried on its merits "rather than [on] the technicalities of the pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam). "In deciding whether to

grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). Fed. R. Civ. P. 15 "declares that leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Local Rule 15.1 requires a motion to amend, along with a copy of the proposed amendment. L.R. 15.1.

Leave to amend is granted. Fluegge must submit his Amended Complaint within thirty days from entry of this Order.

## IV. CONCLUSION

Nationstar's motion is **GRANTED IN PART**.

The Court **DISMISSES**:

(Count I) Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Count One);

(Count II) Breach of Contract for Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Two)(concedes);

(Count V) Violation of Michigan Foreclosure Law, MCL § 600.3205a (Count Five);

(Count VII) Fraud/Misrepresentation (Count Seven)(concedes);

(Count X) Innocent/Negligent Misrepresentation (Count Ten)(concedes);

(Count XI) Fraud, Based Upon Silent Fraud and Bad Faith Promises (Count Eleven)(concedes);

(Count XII) Fraud, Based Upon Silent Fraud and Bad Faith Promises (Count Twelve)(concedes);

(Count XIV) Violation of Michigan Foreclosure Law (Count Fourteen); and

(Count XXIII) Fair Debt Collection Practices Act (the "FDCPA") (Count Twenty-Three).

The Court **DENIES** Nationstar's motion to dismiss:

(Count III) Defamation of Title (Count Three);

(Count IV) Discharge of Lien and Claim to Quiet Title (Count Four);

(Count VI) Request for Equitable, Declaratory & Injunctive Relief (Count Six);

(Count VIII) Quiet Title (Count Eight);

(Count XIII) Breach of Contract/Wrongful Foreclosure (Count Thirteen);

(Count XVII) Fair Credit Reporting Act, 15 U.S.C. 1681s-2(b) (the "FCRA") (Count Seventeen).

The Court **ALLOWS** Fluegge leave to amend:

(Count XIII) Breach of Contract/Wrongful Foreclosure (Count Thirteen) and to state new fraud claims. Fluegge may also amend: Counts III, IV, VI, and VIII.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 27, 2013

17

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 27, 2013.

S/Linda Vertriest
Deputy Clerk